# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON E. HUFF, JR., | ) CV 12-10698-ODW (SH) |
| Petitioner, | ) REPORT AND RECOMMENDATION OF |
| v. | ) UNITED STATES MAGISTRATE JUDGE |
| WARDEN, LINDA T. MCGREW, | ) |
| Respondent. | ) |

This Report and Recommendation is submitted to the Honorable Otis D. Wright II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons stated below, the Petition for a Writ of Habeas Corpus should be denied and this action should be dismissed with prejudice.

///
///
///
///

1

## I. PROCEEDINGS

Milton E. Huff ("Petitioner"), Register Number 52780-079, is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). On December 31, 2012, petitioner filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Amended Petition"), challenging the BOP's collection of payments from him under the Inmate Financial Responsibility Program ("IFRP"). Specifically, Petitioner claims that the "[]BOP may not collect [I]FRP by its own schedule." Amended Petition at 3. Petitioner also states that the "[]BOP has no authority to punish for non-compliance with [an] illegal schedule." Id.

Respondent filed an Answer to the Petition on January 18, 2013. Respondent filed a Return to the Petition, accompanied by a supporting Memorandum of Points and Authorities ("Return Memorandum"), on March 22, 2012.

Petitioner file a Traverse on April 4, 2013.

Thus, this matter now is ready for decision.

**A. Petitioner Milton E. Huff, Jr.**

Petitioner is currently housed at the United States Penitentiary in Victorville, California ("USP Victorville"), serving an aggregated 564 month and 1 day sentence. Petitioner is also serving a consecutive 60-month sentence. Declaration of Corinne M. Nastro ("Nastro Decl.") ¶¶ 4A-B; Exhibit ("Ex.") A. Petitioner's projected release date from these sentences is October 15, 2039, assuming he earns all good conduct time credit.

Petitioner's Judgment and Commitment Orders indicate the following information regarding his terms of imprisonment and his financial obligations as a result of his criminal conduct. Petitioner's Judgment and Commitment Order issued on June 23, 1994, in United States of America v. Milton Ermon Huff, Jr., in the U.S. District Court for the Northern District of Texas in Case No. 3:93-CR-415-T(01) imposed a sentence of 540 months and 1 day for violating three counts of 18 U.S.C. § 2113(a) (bank robbery),

1  with the date of offenses being August 7, 1992; August 21, 1992; and September 2, 1992,
2  as well as three counts of 18 U.S.C. § 924(c)(1) (possession of a firearm during violent
3  crime) with the date of offenses being August 7, 1992, and August 21, 1992. Nastro
4  Decl. ¶ 5; Ex. B. As part of the Judgment, the court imposed a special assessment of
5  $300, no fines, and restitution in the amount of $18,144. Nastro Decl. ¶ 5; Ex. B; see also
6  Ex. A. The court ordered that the assessment was due immediately and that the Petitioner
7  "shall make payment on the restitution which has been ordered beginning while the
8  defendant is incarcerated and any balance beginning 60 days after release from
9  confinement at the rate of at least $25.00 per month." Nastro Decl. ¶ 5; Ex. B.

10     The Judgment and Commitment Order issued on July 12, 1994, in United States of
11  America v. Milton Ermon Huff, Jr., in the U.S. District Court for the Northern District of
12  Texas in Case No. 3:94-CR-090-G (01) imposed a sentence of 24 months for violating
13  his supervised release which had been imposed on November 28, 1990. Id.; see infra.
14  This sentence was ordered to run consecutively to Case No. 3:93-CR-415-T (01). Id.

15     The Judgment and Commitment Order issued on March 22, 2001, in United States
16  of America v. Milton Ermon Huff, Jr., in the U.S. District Court for the Middle District of
17  Pennsylvania in Case No. 4:CR-00-0295-001 imposed a sentence of 60 months for
18  violating 18 U.S.C. § 1791(a)(2) (possession of contraband-homemade knife-by an
19  inmate) with the date of offense being July 3, 1997, to be served consecutively to any
20  other term of imprisonment. See Nastro Decl. ¶ 5; Ex. B; see also Ex. A. As part of the
21  judgment, the court imposed a special assessment of $100, no fines, and no restitution.
22  Id. The court ordered the assessment to be paid in full immediately. See Nastro Decl. ¶
23  5; Ex. B.

24     The Judgment and Commitment Order issued on November 28, 1990, in United
25  States of America v. Milton Ermon Huff, Jr., in the U.S. District Court for the Southern
26  District of Texas in Case No. L-90-CR-257-02 ordered petitioner to pay a special
27  assessment of $50, a fine of $500 and no restitution for violating 18 U.S.C. § 922(k)
28  (transporting in interstate and foreign commerce a firearm). See Nastro Decl. ¶ 6; Ex. C;

3

see also Ex. A.  The court ordered the sum to be paid in monthly installments of $20.00 to begin thirty days after release from confinement.  See Nastro Decl. ¶ 6; Ex. C.

### B. The Inmate Financial Responsibility Program ("IFRP")

The IFRP is a voluntary program intended to encourage inmates to meet their legitimate financial obligations.  28 C.F.R. § 545.10; see also United States v. Lemoine, 56 F.3d 1042, 1046-47 (9th Cir. 2008).  The program is designed to encourage federal inmates to meet all of their financial responsibilities including, but not limited to, fines, restitution and other obligations such as child support and outstanding judgment.  28 C.F.R. § 545.11(a)(1)-(5).

When an inmate arrives at an institution, a Unit Team assesses the inmate's obligations and prepares a financial plan.  28 C.F.R. § 545.10-545.11(b); see also Lemoine, 56 F.3d at 1046-47.  Under the financial plan, the inmate then makes payments both from outside resources and funds acquired at the institution.  28 C.F.R. § 545.11(b).  The payments are determined with reference to, among other things, monthly pay from the inmate's work assignments.  Id.  Inmates are free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan carries consequences, such as limitations on furloughs, pay, work detail, commissary spending, housing status, and placement in community-based programs.  28 U.S.C. § 545.11(d).  The Ninth Circuit has expressly held that such consequences do not infringe on any constitutionally protected liberty interest.  See Lemoine, 546 F.3d at 1046.

### C. The Operative Restitution Statute:  The Victim Witness Protection Act of 1982 ("VWPA")

Petitioner's only order of restitution in the aforementioned Judgment and Commitment Orders is in the amount of $18,144.  This restitution order was imposed as a result of his criminal conviction and the imposition of his sentence in June 1994 in Case No. 3:93-CR-415-T (01).  Because Petitioner was convicted of these offenses in June of 1994, the applicable statute governing payment of restitution in his criminal case is the

Victim Witness Protection Act of 1982 ("VWPA"),[1] the predecessor statute to the Mandatory Victims Restitution Act of 1996 ("MVRA").[2] Pursuant to the VWPA, "'[t]he court may require that [the] defendant make restitution . . . within a specified period or in specified installments' but does not expressly state that the court must set the terms of repayment in the restitution order." United States v. Prouty, 303 F.3d 1249, 1254 n. 3 (11th Cir. 2002).

## DISCUSSION

### A.     Petitioner Does Not State a Claim for Relief Under 28 U.S.C. § 2241

A Petition for Writ of Habeas Corpus can only be issued if petitioner is in custody for a violation of a statute or order, or that such custody is in violation of the constitution, laws or treaties of the United States.  28 U.S.C. § 2241.  Petitioner's claims do not challenge the validity or duration of Petitioner's confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003)(although a "prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for 'expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole' ... habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."), cert. denied, 541 U.S. 1063 (2004).  Petitioner's claims are not cognizable on federal habeas review.  Since Petitioner does not state a claim for relief under 28 U.S.C. § 2241, dismissal of the Petition is warranted.

---

[1] The VWPA was codified at 18 U.S.C. §§ 3663, 3664 (formerly 18 U.S.C. §§ 3579, 3580).

[2] The MVRA is codified in relevant part at 18 U.S.C. §§ 3663A-3664.  The MVRA is not applicable per the ex post facto clause to crimes committed prior to its enactment on April 24, 1996.  United States v. Montgomery, 384 F.3d 1050, 1064 (9thCir. 2004) (quoting United States v. Grice, 319 F.3d 1174, 1177 (9th Cir. 2003), cert. denied, 539 U.S. 950, 123 S.Ct. 2625, 156 L.Ed.2d 641 (2003)).

**B.     Alternatively, the Petition Should be Denied on the Merits**

       1.     Petitioner's Financial Obligations

Petitioner incorrectly alleges that he need not make payments toward his restitution because the sentencing court did not set scheduling payments. However, Petitioner is incorrect in this assertion because the sentencing court was not required to set scheduling payments pursuant to the applicable statute governing restitution-the VWPA. Pursuant to the VWPA, "'[t]he court may require that [the] defendant make restitution . . . within a specified period or in specified installments' but does not expressly state that the court must set the terms of repayment in the restitution order." Prouty, 303 F.3d at 1254 n. 3.[3] Notably, the Ninth Circuit, when analyzing restitution statutes that preceded the MVRA and did not categorically require the District Court to set a schedule for making restitution, has stated that the sentencing court could delegate the task of scheduling payments. See Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998)("[The Ninth Circuit has] previously upheld sentencing courts' decisions to delegate the timing and manner of payments of court-ordered restitution.") (citing United States v. Barany, 884 F.2d 1255, 1259-60 (9th Cir. 1989), cert. denied, 493 U.S. 1034 (1990); and referencing United States v. Fuentes, 107 F.3d 1515, 1528 n. 25 (11th Cir. 1997)(internal parenthetical notation omitted.)

Moreover, to the extent that Petitioner is arguing that the BOP cannot collect payments for his non-restitution financial obligations, this is entirely irrelevant. Petitioner's obligation to pay his special assessments in Case No. 3:93-CR-415-T (01) and Case No. 4:CR-00-0295-001 have expired. See 18 U.S.C. § 3013(c)("The obligation to pay an assessment ceases five years after the date of judgment."). Additionally, in Case No. L-90-CR-257-02, although the Court ordered Petitioner to pay a special

---

[3] In contrast, the MVRA, which is inapplicable to this case, provides that in ordering restitution, a sentencing court must "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of," among other things, the defendant's financial circumstances. 18 U.S.C. § 3664(f)(2).

assessment of $50, a fine of $500 and no restitution, the court ordered the sum to be paid in monthly installments of $20.00 to begin thirty days *after release from confinement*. See Nastro Decl. ¶ 6; Ex. C. Therefore, this financial obligation does not implicate petitioner's participation in the BOP's IFRP program while he is incarcerated.

### 2. Petitioner's request to be deemed IFRP exempt should be denied because the IFRP is a valid correctional program.

Finally, Petitioner's sweeping assertion that IFRP imposes illegal sanctions for non-participation is contrary to controlling authority. The Ninth Circuit has long held that BOP may impose sanctions for an inmate's non-participation in IFRP as long as those sanctions are "not so severe as to impose 'an atypical and significant hardship' and therefore do not infringe on any constitutionally protected liberty interest." Lemoine, 546 F.3d at 1046 (quoting Sanding v. Conner, U.S. at 484-85 (1995)). The Ninth Circuit has "endorsed [IFRP's] continued viability," "prais[ed] the BOP" for "wisely" creating the program, and held that IFRP does not implicate constitutional rights because inmates have "no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide, such as a work detail outside the prison perimeter, a higher commissary spending limit a release gratuity, or pay beyond the maintenance pay level." Id. (quoting Gunning, 401 F.3d at 1150). Indeed, the principal authority alluded to in the Amended Petition-Ward v. Chavez-expressly observed that Lemoine forecloses the argument that inmates are "'forced' to participate in the voluntary IFRP." Ward, 678 F3d at 1047.

In his Amended Petition, Petitioner appears to be requesting that this Court order BOP to confer on him all the benefits of participating in the IFRP while exempting him from the program's attendant requirements to work toward meeting his financial obligations. His request is contrary to the holding of Lemoine and the legitimate purpose of the IFRP, and should accordingly be rejected. See Lemoine, 546 F.3d at 1047. ("An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with the financial plan created pursuant to the program carries certain

consequences."). Accordingly, the Court should deny the Petition because the IFRP is a valid correctional program.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the district court issue an Order: (1) approving and accepting this Report and Recommendation; (2) directing that Judgment be entered dismissing the action with prejudice.

DATED: April 18, 2013

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.